IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENITH INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-182-D |
| | § | |
| TEXAS INSTITUTE FOR SURGERY, L.L.P., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Zenith Insurance Company ("Zenith") has filed a Motion for Leave to Take More than Ten (10) Depositions (Fed. R. Civ. P. 30(a)(2)(A)(i)), *see* Dkt. No. 61 (the "Motion for Leave"), which Senior United States District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 63.

Defendants John Vincent Zipper, Paula M Harrison, Atlas Anesthesia Associates, P.A. ("AAAP"), and Texas Institute for Surgery, L.L.P. ("TIFS") have each filed a response, *see* Dkt. Nos. 66, 67, 68, & 69, and Zenith filed a reply, *see* Dkt. No. 72.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part without prejudice Plaintiff Zenith Insurance Company's Motion for Leave to Take More than Ten (10) Depositions (Fed. R. Civ. P. 30(a)(2)(A)(i)) [Dkt. No. 61].

-1-

## Background

By way of factual background and procedural background, Zenith explains that

> [t]his is a medical malpractice case involving four defendants. The action relates to a 36-year old patient who now requires lifetime care after suffering permanent brain injuries during a routine ankle surgery. As a result of the defendants' negligence, plaintiff alleges economic damages greater than $13,000,000. More than 120 witnesses have been identified in defendants' initial disclosures. (Pl. Appx. at 16-58.) But despite the magnitude of the case and the number of witnesses, defendants have insisted that plaintiff is limited to taking just 10 depositions. As a result, plaintiff seeks the Court's permission to take more than 10 depositions. (FED. R. CIV. P. 30(a)(2)(A)(i) ["A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) … if the parties have not stipulated to the deposition and … the deposition would result in more than 10 depositions being taken under this rule …"])
>
> Plaintiff has already taken two depositions. Two more depositions have been noticed by plaintiff, but not yet taken. Plaintiff wishes to depose an additional 20 non-expert witnesses, for a total of 24 depositions altogether. The witnesses to be deposed, and the reasons for each deposition, are identified in Table A (Pl. Appx. at 4-8). Each deposition is necessary, and the depositions are not expected to be cumulative or duplicative. (Williams Decl., ¶ 6-8 [Pl. Appx. at 2-3].)
> ....
> 36-year old Tyra Price worked at a Dunkin Donuts in Dallas. One day at work, she fell and injured her ankle. Tyra made a claim for workers compensation benefits. Tyra's claim was accepted by plaintiff Zenith Insurance Company ("Zenith"), Tyra's workers compensation insurer.
>
> Tyra underwent what should have been routine ankle surgery at Texas Institute for Surgery ("TIFS"). The surgery ended at 5:57 p.m. (See, TIFS' Answer, Doc. 17, p. 5, ¶ 14.) By 6:01 p.m.(only 4 minutes after the surgery ended) Tyra began showing signs that she was struggling to breathe. (Id., p. 6, ¶ 16-19.) By 6:09 p.m., Tyra was unresponsive and a Code Blue was called. (Id., ¶ 19.) Medical staff at TIFS eventually called 9-1-1, and an ambulance transported Tyra to a different hospital, where she remained in a coma for several weeks. Tyra suffered permanent anoxic brain injuries, and now requires lifetime care. Plaintiff alleges that the defendants failed to maintain Tyra's airway (i.e., she couldn't breathe), and failed to take corrective action when they observed Tyra struggling to breathe. In its initial disclosures, plaintiff estimates its total

economic damages as more than $13,000,000. (Williams Decl., ¶ 5 [Pl. Appx. at 2].)

The parties dispute the cause of Tyra Price's cardiac arrest and ensuing brain injuries. In general, plaintiff alleges that the cardiac arrest occurred when Tyra stopped breathing because she aspirated as a result of substandard medical care provided to her by the defendants. (See, Pl. Second Amended Complaint, Doc., 35, pp. 2-3.) For their part, the defendants have said under oath that they do not know the cause of the cardiac arrest. (See, Pl. Appx. at 61 [Answer to Interrogatory no. 4]; and at 68 [Answer to Interrogatory no. 7].)

....

Leave should be granted to allow plaintiff to take more than 10 depositions, because everyone agrees the deponents will provide discoverable information; the depositions are not unreasonably cumulative or duplicative; the information sought by the depositions cannot reasonably be obtained from other sources that are more convenient, less burdensome, or less expensive; and the burden or expense of the proposed depositions do not outweigh likely benefits of the depositions, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Dkt. No. 61 at 2-4 (footnote omitted).

In response, TIFS explains that

[t]is is a medical malpractice case involving the care and treatment of Tyra Price. Price fell and fractured her ankle at work. She underwent right ankle surgery at TIFS on May 20, 2016. Following surgery, Price had difficulty breathing, coded, and was transferred to Texas Health Presbyterian Hospital Dallas for further care. Plaintiff, the worker's compensation insurance carrier for Price's employer, alleges Price suffered permanent anoxic brain injuries. Plaintiff claims Price's injuries were caused by TIFS' alleged negligence, and the negligence of others, following Price's surgery.

Federal Rule of Civil Procedure 30(a)(2)(A) "prescribes a presumptive limit on the number of depositions that may reasonably be taken in a civil suit." Each side is limited to ten depositions, absent agreement or leave of Court.

To date, Plaintiff has taken two depositions, scheduled three more depositions, and now seeks leave of the Court to take a total of 24 depositions—more than double the presumptive limit. Plaintiff deposed Dr. Benzel MacMaster (Price's surgeon) and Dr. John Zipper (Price's

> anesthesiologist). [See Appx. 1-18]. Plaintiff has scheduled the depositions of TIFS (the hospital), Chelsea Boleyn, R.N. (Price's nurse), and Paula Harrison, CRNFA (first assistant during surgery). In it Motion for Leave, Plaintiff seeks to depose two additional hospitals, seven additional nurses, three techs, six additional physicians, and a professional association. [Pl. App. Dckt. 62 at 4-8]. [Additionally, Plaintiff plans to seek leave, if necessary, to depose TIFS' testifying expert witnesses, when designated in this case. [Pl. Motion for Leave, Dckt. 62, at page 4, n.2].]
>
> Plaintiff has failed to meet its burden of establishing the necessity of 24 depositions. Further, Plaintiff fails to establish that granting leave for each deposition is "consistent with Rule 26(b)(1) and (2) . . ." Instead, Plaintiff broadly claims that the 24 proposed depositions are relevant and "are not expected to be cumulative or duplicative." Plaintiff's general assertions and self-serving conclusions fail to satisfy its burden.
>
> As set forth in its supporting brief, Plaintiff has failed to meet its burden of establishing the necessity of taking 24 depositions in this case. Accordingly, the Court should deny Plaintiff's Motion for Leave to Conduct More than Ten Depositions.

Dkt. No. 69 at 1-2 (footnote omitted); *see also* Dkt. No. 70 at 1-2.

Defendants Zipper, Harrison, and AAAP each offer a similar response or expressly adopt TIFS's response. *See* Dkt. Nos. 66, 67, & 68.

In reply, Zenith contends that

> [l]eave to take more than ten depositions should be granted, because leave to do so is consistent with Rule 26(b)(1) and (2). Twenty-four depositions of non-expert witnesses would be a lot of depositions in most cases. But twenty-four depositions are reasonable in this particular case involving serious permanent brain injuries; multi-million dollar damages; a patient whose injuries occurred at one hospital and who was later treated, tested and diagnosed at two other hospitals; disputed factual issues as to liability and causation; initial disclosures that identify more than 120 potential trial witnesses; and one defendant (TIFS) who answered an interrogatory by telling plaintiff to get the information requested by the interrogatory through depositions of TIFS' nursing staff.

Dkt. No. 72 at 1.

**Legal Standards**

Federal Rule of Civil Procedure 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with [Federal Rule of Civil Procedure] 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." FED. R. CIV. P. 30(a)(2)(A). And Federal Rule of Civil Procedure 26(b)(2)(A) provides that, "[b]y order, the court may alter the limits in these rules on the number of depositions." FED. R. CIV. P. 26(b)(2)(A).

"When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in" Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2). *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). Federal Rule of Civil Procedure 26(b)(2)(C), as amended effective December 1, 2015, provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). Rule 26(b)(1), as amended, effective December 1, 2015, now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *accord Hightower v. Grp. 1 Auto., Inc.*, No. CV 15-1284, 2016 WL 3511720, at *1 (E.D. La. Apr. 27, 2016), *reconsideration denied*, 2016 WL 3430569 (E.D. La. June 22, 2016) ("Permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured.").

The party seeking leave under Rule 30(a)(2)(A) to take more than ten depositions must "show the necessity of all the depositions she took in reaching the prescribed limit," that is, "the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow*, 202 F.R.D. at 482-83. "In other words, [the party seeking leave] must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *MacKenzie v. Castro*, No. 3:15-cv-752-D, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016). "And [t]he mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Byers v. Navarro Cty.*, No. 3:09-cv-1792-D, 2011 WL 4367773, at *2 (N.D. Tex. Sept. 19, 2011) (internal quotation marks omitted).

"The rationale for such a standard is" that [h]ad [the party seeking leave] opted not to take other depositions, she could have taken the ones in question without first obtaining leave of court." *Barrow*, 202 F.R.D. at 482 (footnote omitted). The party seeking leave "should not be allowed to conduct ten" (or more) "depositions that were not subject to judicial review under the Rule [26(b)(1) and Rule] 26(b)(2) standards and then only be required to" provide specific reasons for seeking "leave to take the additional ones at issue." *Id.* at 482-83. "If this approach were condoned, a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule [26(b)(1) and Rule] 26(b)(2) standards, and then seeking leave to exceed the limit in order to take

depositions that she could substantiate. Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *Id.* at 483. "This salutary purpose would be subverted unless a party who takes the maximum number of depositions allowed, and then seeks leave to conduct more, is required to show the necessity of all the depositions she took in reaching the prescribed limit in order to demonstrate" her entitlement to leave under Rule 30(a)(2)(A). *Id.*

**Analysis**

As an initial matter, Zenith takes issue with whether it must show the necessity of all the depositions that it seeks to take where it has not yet taken 10 depositions:

> The defendants all say that plaintiff must show the "necessity" of every deposition that has already been taken, and also establish necessity for every deposition that plaintiff plans to take in the future. (*See, e.g.*, Doc. 67, p. 4.) But that is not the correct legal standard. As Judge Fitzwater made clear in *Barrow*, that standard is reserved for cases where the party seeking to exceed the ten-deposition limit has already taken ten or more depositions, because otherwise "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate." (*Barrow v. Greenville Indep. Sch. Dist.* (N.D. Tex. 2001) 202 F.R.D. 480, 483.) That, of course, is not what happened here – plaintiff has not already met or exceeded the ten deposition limit.

Dkt. No. 72 at 2 (emphasis omitted).

The Court cannot accept that reading of the standards that the case law sets in interpreting and applying Rule 30(a)(2). A party seeking leave to take more than 10 depositions "must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he

-8-

has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *MacKenzie*, 2016 WL 3906084, at *5. Otherwise, a party could "indirectly circumvent the cap on depositions by [designating as the first 10 depositions to be taken] those that [it] could not justify under the Rule [26(b)(1) and Rule] 26(b)(2) standards, and then seek[] leave to exceed the limit in order to take depositions that [it] could substantiate." *Barrow*, 202 F.R.D. at 483.

But, through the Declaration of Jeffrey J. Williams (Zenith's counsel) and the attached Table A, Zenith has made efforts to show the necessity of the 24 depositions that it seeks leave to take and to justify them under the Rules 26(b)(1) and 26(b)(2) standards. And, after carefully reviewing the parties' arguments and filings, the Court determines that Zenith has shown the necessity of some of the depositions that they took and seek to take in reaching and exceeding the prescribed 10-deposition limit.

The Court finds that Zenith has adequately explained the necessity of, and justified taking, the depositions of Dr. Benzel MacMaster and Dr. John V. Zipper and further will grant leave for Zenith to take the following depositions as listed in Table A: (3) corporate representative of Texas Institute for Surgery; (4) Chelsea Boleyn-Kourkounakis; (5) Kristi Quick; (6) Jesse Santana; (7) Katherine Cane; (8) Nurse Davis; (9) Shanel George; (10) Teresa Shrode; (11) Paula Harrison; (12) Clementeen Portley; (16) Ryan Rose, M.D.; (17) corporate representative of Atlas Anesthesia Associates; (18) corporate representative of Texas Health Presbyterian Hospital of Dallas; (19) Daniel E. Krampitz, M.D.; (20) Thomas J. Ruhnke, M.D.; (21) Jorge Cherif, M.D.; (22) Carter A. King, M.D.; (23) corporate representative of TIRR

Memorial Houston; and (24) Poyee Tung, M.D. These doctors and nurses were personally involved in Tyra Price's medical care or eyewitnesses to the events at issue in this case, and the Court finds that a corporate representative deposition of each facility at which Tyra Price received care is justified. Zenith has sufficiently explained how deposition testimony from each of these witnesses is justified even if other means may be available to seek discoverable information that each witness may have. And, under Rules 26(b)(1) and 26(b)(2), the Court determines that these 21 depositions are proportional to the needs of the case, considering the importance of the issues that Zenith seeks to address through the testimony sought through these deponents and the importance of the testimony sought to resolving important issues in the case as well as the amount in controversy, the parties' relative access to relevant information, and the parties' resources. And Defendants have not shown that any burden or expense of the proposed depositions outweighs their likely benefit or that the deponents' testimony is likely to fall short of Rule 26(b)(1)'s relevance standards. Nor does the Court otherwise find these depositions to be unreasonably cumulative or duplicative under the circumstances.

But the Court determines that Zenith has not met its burden to show the necessity of depositions of (13) Tee Henry; (14) Jason Grey; and (15) Krystal Plueger or to justify these proposed depositions under Rules 26(b)(1) and 26(b)(2). That TIFS told Zenith to obtain information by deposing nurses – where there is no indication that these three TIFS employees (even if at lease two are nurses) were present for or eyewitnesses to the events at issue in this case – and that Defendants identified these

individuals in initial disclosures will not suffice. The standard for including an individual in Federal Rule of Civil Procedure 26(a)(1) initial disclosures as an "likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," is lower than the standard Zenith must meet to show the necessity of the individual's depositions and to justify a deposition under the Rules 26(b)(1) and 26(b)(2) standards. The Court is accordingly likewise not persuaded by Zenith's argument that it seeks to depose only a fraction of the individuals that Defendants disclosed under Rule 26(a)(1).

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part without prejudice Plaintiff Zenith Insurance Company's Motion for Leave to Take More than Ten (10) Depositions (Fed. R. Civ. P. 30(a)(2)(A)(i)) [Dkt. No. 61].

SO ORDERED.

DATED: October 18, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE