IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENITH INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:18-CV-0182-D |
| TEXAS INSTITUTE FOR SURGERY, LLP, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Texas Institute for Surgery, L.L.P. ("TIFS"), Atlas Anesthesia Associates, P.A. ("Atlas"), and John Vincent Zipper, M.D. ("Dr. Zipper") (referred to collectively as "TIFS," unless the context otherwise requires), object under Fed. R. Civ. P. 17 to Tyra Price's ("Price's") absence as a plaintiff in this medical malpractice action, and move under Rule 19 to join her as a real party in interest. For the reasons that follow, the court overrules TIFS's Rule 17 objection and denies its motion for leave to join real party in interest.

I

This is a medical malpractice action brought by plaintiff Zenith Insurance Company ("Zenith") against defendants TIFS, Dr. Zipper, Atlas, and Paula M. Harrison, M.D. ("Dr. Harrison"). Price injured her ankle while working for her employer, Star Dunkin, L.P. ("Star Dunkin"). She then underwent surgery at the Texas Institute for Surgery. The alleged negligence occurred while Price was emerging from anesthesia after surgery. Zenith asserts that TIFS and its medical staff negligently failed to clear Price's airway, causing her to flat-

line for 24 minutes and suffer permanent brain injuries.

Zenith, who is Star Dunkin's workers compensation insurer and is paying workers compensation benefits to Price, seeks in this diversity action to recover from TIFS the benefits Zenith has paid to Price. Zenith is a California corporation whose principal place of business is in California. TIFS is a Texas limited liability partnership whose partners are a Texas nonprofit corporation with its principal place of business in Texas, several individual physicians who are citizens of Texas, and a Texas limited liability company whose members are citizens of Texas and Tennessee. Dr. Zipper is a Texas citizen. Atlas is a professional association organized in Texas, whose principal place of business is in Texas.[1] Dr. Harrison is a Texas citizen. TIFS, Atlas, and Dr. Zipper seek to join Price as a plaintiff in this lawsuit. Because Price is a Texas citizen, her presence as a plaintiff would destroy this court's diversity jurisdiction because there would be Texas citizen parties on both sides of the case.

II

The court first considers TIFS's objection to Price's absence as a plaintiff. TIFS contends that Price is a real party in interest and that, under Rule 17, this action must be prosecuted in her name.

---

[1]The court will base its determination of Atlas' citizenship on Atlas' state of incorporation and the state in which its principal place of business is located. *See Neely v. Wilson*, 418 S.W.3d 52, 72 (Tex. 2013) ("The Legislature has endowed professional associations with many of the same privileges that corporations enjoy. Indeed, the Business Organizations Code specifies that, '[e]xcept as provided by Title 7, a professional association has the same powers, privileges, duties, restrictions, and liabilities as a for-profit corporation.'" (quoting Tex. Bus. Orgs. Code Ann. § 2.108) (alteration in original)).

A

The court must determine as a threshold question whether Price is a real party in interest.

1

The determination of who is a real party in interest is a substantive issue controlled by Texas law. *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256-57 (5th Cir. 1980).[2] The Texas Labor Code provides that, "if a benefit is claimed by an injured employee . . . the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party[.]" Tex. Lab. Code Ann. § 417.001(b) (West 2017). "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest[.]" *U.S. v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949). But if the subrogee "has paid only part of the loss, both the insured and the insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest." *Id.* at 381.

2

TIFS contends that Zenith is subrogated to Price's rights against TIFS. TIFS also maintains that because Zenith's workers compensation payments cover only part of Price's

---

[2] When this court's jurisdiction is based on diversity of citizenship, the Supreme Court's decision in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), requires that the court apply state substantive law and federal procedural law. "Under *Erie*, federal courts apply state substantive law to any issue or claim which has its source in state law. Yet, federal law, rather than state law, invariably governs procedural matters in federal courts." *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citations and internal quotation marks omitted) (quoting 19 Charles Alan Wright, et al., *Federal Practice and Procedure* § 4520 (2d ed. 2002)).

total loss, both Zenith and Price are real parties in interest. Zenith responds that because Zenith insured Star Dunkin (Price's employer) and is paying *Star Dunkin's* total loss, Zenith is the only real party in interest.

The court agrees that Price is a real party in interest. Regardless whether Zenith insured Star Dunkin or Price, Zenith is subrogated to Price's rights against TIFS. There is "one cause of action for an employee's injuries, and it belongs to the employee." *Franks v. Sematech, Inc.*, 936 S.W.2d 959, 960 (Tex. 1997) (per curiam). "If the employee claims compensation benefits, the insurance carrier is subrogated to the employee's rights against a third party who caused the injuries." *Id*. Because Zenith is subrogated to Price's rights against TIFS, and Zenith has paid only part of Price's total loss, both Zenith and Price are real parties in interest. *See Aetna*, 338 U.S. at 381.

B

The court next considers TIFS's objection to Price's absence and whether Rule 17 requires the presence of both real parties in interest.

1

Rule 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." If a party objects to the "failure to prosecute in the name of the real party in interest," the court must allow "a reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action" before dismissing the suit. Rule 17(a)(3).

2

The court overrules TIFS's Rule 17-based objection to Price's absence as a party. In *Aetna* the Supreme Court addressed "whether all parties in interest must join" partial subrogation cases. *Aetna*, 338 U.S. at 381. The Court rejected the premise that Rule 17 requires the presence of both parties in interest, explaining that "either party may sue" because each party "own[s] portions of the substantive right." *Id.* (internal quotation marks omitted)*; see also Va. Elec. & Power Co. v. Westinghouse Elec. Co.*, 485 F.2d 78, 84 (4th Cir. 1973) ("[e]ither party may bring suit—the insurer-subrogee to the extent it has reimbursed the subrogor, or the subrogor for either the entire loss or only its unreimbursed loss"). But the Court qualified this, stating that a defendant, "upon timely motion, may compel [the other party's] joinder" under Rule 19. *Aetna*, 338 U.S. at 381-82; *see also* 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1543 (3d ed. 2018) ("the question of who should or may be joined in the action must be determined under Rule 19 and Rule 20 rather than Rule 17(a)"). Accordingly, Rule 17 does not require Price's joinder.

III

The court now turns to TIFS's Rule 19-based motion to join Price.

A

The court must address as a threshold question Zenith's contention that TIFS is procedurally barred from moving for Price's joinder under Rule 19.

1

Zenith maintains that TIFS has failed to properly raise its Rule 19 challenge, and that the court need not therefore address this issue unless it chooses to do so *sua sponte*. TIFS responds that a Rule 19(b) challenge, on which TIFS ultimately relies, may be raised at any time. The court agrees that TIFS has failed to properly move for Price's joinder under Rule 19.

A party may assert a Rule 19-based challenge to a failure to join a party either in a responsive pleading or in a separate Rule 12(b)(7) motion filed before a responsive pleading. *See* Rule 12(b)(7). TIFS did not raise the issue of Price's joinder in a responsive pleading or in a Rule 12(b)(7) motion. Rule 12(h)(2), however, allows a party to move for joinder under Rule 19(b) "in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Rule 12(h)(2). But because the present motion does not fall into any of the permitted categories under Rule 12(h)(2), the court need not address the Rule 19-based motion unless it chooses to do so *sua sponte*. *See, e.g., Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 259-60 (N.D. Tex. 2014) (Fish, J.) (addressing joinder of party under Rule 19 *sua sponte* even though motion was procedurally barred).

2

Accordingly, the court must determine whether to address *sua sponte* TIFS's Rule 19-based motion for Price's joinder. Zenith acknowledges that the court may raise the issue *sua sponte*, and both parties have fully briefed their Rule 19 arguments.

> [T]he law is clearly settled that in diversity cases the question of indispensable parties is inherent in the issue of federal jurisdiction and that indispensable parties must be joined, *sua sponte* by the court if need be, even though to do so destroys complete diversity of citizenship of the parties and ousts federal courts of jurisdiction.

*Jett v. Zink*, 362 F.2d 723, 726 (5th Cir. 1966) (emphasis added). Because this is a diversity case, the question whether Price is an indispensable party is "inherent in the issue of federal jurisdiction." *Id*. Accordingly, the court will address whether Price must be joined under Rule 19.

B

First, the court must determine whether Price is a person to be joined if feasible under Rule 19(a).

1

Rule 19 seeks to ensure that lawsuits are disposed of fairly and completely. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) (citing Rule 19 Advisory Committee's note). To this end, it establishes a two-part process to identify persons who are needed for just adjudication of the action. First, Rule 19(a) provides that certain persons are required to be joined as parties, if feasible. Second, Rule 19(b) states that if joinder is not feasible, the court must decide whether that person is indispensable. Considering certain non-exhaustive factors, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 19(b).

"[T]he party advocating joinder has the initial burden of demonstrating that a missing

party is necessary[.]" *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster*, 784 F.2d at 1309). The burden shifts to the party opposing joinder if the court's initial appraisal of the facts indicates the absence of a possibly necessary party. *Id.* Rule 19(a)(1) requires joinder of a person subject to process who would not deprive the court of subject matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1). A Rule 19(a) analysis is a "highly practical, fact-based" inquiry. *Pulitzer-Polster*, 784 F.2d at 1309. "The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1604, at 38-39 (3d ed. 2018) (citations omitted).

2

Relying on Rule 19(a)(1)(A), TIFS maintains that the court cannot grant complete relief among the existing parties because the present action does not fully address Price's claims. The Fifth Circuit has held, however, that when a party "seeks only damages for [itself]," an absent party "would therefore not need to be joined on that basis." *Pulitzer-

-8-

*Polster*, 784 F.2d at 1309. Because Zenith only seeks damages related to its workers compensation payments to Price, the court can accord complete relief without Price.

Alternatively, TIFS relies on Rule 19(a)(1)(B). It contends that Price claims an interest relating to the present action because the subject of the action is the alleged medical malpractice that occurred during Price's surgery. TIFS also points out that Price has filed suit against TIFS in state court, and it maintains that "the subject matter, facts, allegations, and issues are identical." TIFS Reply Br. 6. TIFS posits that this creates the risk of multiple and inconsistent obligations during discovery and at trial.

The court holds that Price is a party to be joined if feasible under Rule 19(a)(1)(B)(ii). "[O]ne of the purposes . . . of Rule 19 is the avoidance of multiple litigation of essentially the same issues." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970). "[T]he defendant has the right to be safe from needless multiple litigation and from incurring avoidable inconsistent obligations." *Id*. at 873. Because TIFS is currently subject to simultaneous litigation on the same issue in two separate forums, TIFS is also subject to the risk of multiple and inconsistent obligations during discovery and at trial. As such, the policy of Rule 19 calls for Price to be joined if feasible. *Id*. at 873-74. But because Price's joinder would destroy diversity jurisdiction, the court must determine whether the action should proceed without her or be dismissed under Rule 19(b).

C

Having determined that Price's joinder is warranted but unfeasible, the court next considers whether "in equity and good conscience, the action should proceed among the

existing parties or should be dismissed." Rule 19(b).

1

To determine "whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed," Rule 19(b) lists four factors for a court to consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided . . . ; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

2

After analyzing the Rule 19(b) factors, the court holds that this action may proceed in equity and good conscience without Price.

Regarding the first factor, TIFS argues that Price's absence would prejudice TIFS for the same reason that Price is a party to be joined if feasible under Rule 19(a). TIFS asserts that it would be subject to simultaneous litigation on the same issue in two different courts. In response, Zenith cites *Aetna* for the proposition that, in partial subrogation cases, if joinder of the absent subrogor would destroy diversity jurisdiction, the action may proceed.

The court concludes that the first factor weighs in favor of proceeding without Price. In *Aetna* the Court stated that, although an absent subrogor is a "necessary" party to be joined if feasible, such a party is "clearly not indispensable" under Rule 19(b), even though the

defendant "may have to defend two or more actions on the same tort." *Aetna*, 338 U.S. at 382. Although the 1966 amendments to Rule 19 dispense with the former classifications of "necessary" and "indispensable" parties, "[t]he new text of the Rule was not intended as a change in principles," and "the two approaches should come to the same point." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 116 n.12 (1968). The court therefore holds that the first factor weighs in favor of allowing the action to proceed without Price. Because neither party argues under the second factor that any existing prejudice might be lessened or avoided, the court turns to the third and fourth factors.

Regarding the third factor, TIFS argues that a judgment rendered in Price's absence would be inadequate because of Price's ongoing state court litigation. Zenith responds that, because the damages sought by Zenith and Price do not overlap, Price is not needed for adequate judgment of Zenith's claim.

Adequacy in this context refers to the "public stake in settling disputes by wholes, whenever possible[.]" *Id*. at 111. The third factor considers "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Id*. Here, the most efficient resolution would be settlement of Zenith's and Price's claims against TIFS in the same action. But because Price's joinder would destroy this court's diversity jurisdiction, to achieve the most efficient resolution of the issues, Zenith would have to join Price's state court action. So the third factor largely depends on the fourth factor—whether Zenith would have an adequate remedy in state court if the instant action were dismissed.

TIFS argues that Zenith would have an adequate remedy if joined as a party to Price's

state court action. TIFS also maintains that a Texas state court is well-equipped to handle a medical malpractice claim involving a Texas resident and Texas health professionals. Zenith responds that judicial efficiency alone should not override Zenith's choice of forum and result in dismissal.

Although the court recognizes that Zenith could join the state court lawsuit if the present action were dismissed, it agrees with Zenith that judicial efficiency alone does not warrant dismissal. *See Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982) (holding that "judicial economy and convenience should not alone dictate dismissal" under Rule 19(b)). The first factor—in this case the prejudicial effect of Price's absence—is the "most critical factor in [the court's] Rule 19 analysis." *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988). In the absence of prejudice beyond TIFS's "hav[ing] to defend two [] actions on the same tort," the court concludes that the action may proceed without Price. *Aetna*, 338 U.S. at 382.

\* \* \*

For the reasons explained, the court overrules TIFS's, Atlas', and Dr. Zipper's July 9, 2018 Rule 17 objections and denies their motions for leave to join real party in interest.

**SO ORDERED**.

October 25, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE